## In re WELLHOUSE.

(District Court, N. D. Georgia.    March 7, 1902.)

### No. 456.

BANKRUPTCY—PETITION TO FORECLOSE MORTGAGE—AMENDMENT.

A mortgagee filed his petition, setting up that he had a mortgage on certain real estate owned by a bankrupt, and in the possession of his trustee, and averring that certain taxes and assessments were due, and praying that the trustee be directed to pay the same, and, further, that "he be allowed to foreclose his mortgage," with an alternative prayer for a sale by the trustee. The trustee answered, setting up that the mortgage was fraudulent, and praying that the matter be referred to a special master to take testimony. *Held*, that petitioner was thereupon entitled to amend by striking from his petition the prayer with reference to foreclosure, and the alternative prayer for sale by the trustee; it not appearing that the trustee would be prejudiced by such action.

In Bankruptcy.

Ellis, Winbish & Ellis, for Louis Strasburger.
Slaton & Phillips, for trustee.

NEWMAN, District Judge.   In this case Louis Strasburger brings a petition in which he sets out the fact that he has a mortgage for $5,000 on certain real ·estate of the bankrupt, which is now in the possession of the trustee in bankruptcy.   He further states that Alvin Strasburger has a mortgage, executed the same day as petitioner's mortgage, for $3,000, and, further, that Mrs. B. Saloshin has a mortgage for $3,000.   It is further stated that certain taxes and assess-

ments for local improvements are due against the real estate covered by the mortgages named, and that the trustee has in his hands, collected from rents on the property, a sufficient amount to pay the same, and prayed that he be required to do so. By consent of the trustee, an order has been taken authorizing the payment of these taxes and assessments, without prejudice to the rights of the trustee or of the mortgagees as to who shall be held ultimately liable for the same.

The further prayer of the petitioner is this:

"Petitioner prays that he be allowed to foreclose his mortgage on said property, and sell the same to satisfy his claim, and that the court will direct the disposition of the balance of the proceeds of said sale to the payment of the other claims according to their rank and dignity."

And this additional prayer:

"Your petitioner prays that, in the event the court shall determine that the proper proceeding is for the trustee to sell the property, that an order be passed directing the trustee to sell the property free from all incumbrance, and at such sale, if your petitioner shall become the purchaser, that he be required to pay to said trustee only such part of the purchase price as shall be in excess of the principal sum and interest due to him on such mortgage."

And then follows a prayer for general relief.

This has been answered by the trustee, who sets up the fact that the mortgage was executed in 1892, and withheld from record until 1900; that the same is fraudulent, as are the other two mortgages; and that they were made as a part of a scheme to cover up the bankrupt's property and defraud creditors. It is also set up in the answer that the Strasburgers are relatives of Henry Wellhouse; Louis being an uncle, and Alvin a cousin. The answer goes considerably into detail, but substantially it sets up what has been stated. It then concludes:

"The premises considered, your trustee prays that the matters herein set up, as well as the petition of said Strasburger, be referred to a special master, with instructions to take testimony in regard to the bona fides of the said mortgage lien, as well as the state of account between said Louis Strasburger and Henry Wellhouse and Wellhouse & Sons, and that all dealing between them be fully investigated and reported, on by such special master."

The petitioner, Louis Strasburger, now presents this petition:

"Comes now Louis Strasburger, and by leave of the court amends his petition filed in the above-stated cause by striking therefrom all the prayers of said petition except the prayer that the trustee be directed to pay, out of rents collected and to be collected by him, all taxes against said property, and said claim for street improvements, and except the prayer that the trustee be served with a rule to show cause as therein stated. And petitioner will ever pray," etc.

Counsel for the trustee object to the allowance of this amendment. The effect of it will be to strike from the petition the prayer concerning foreclosure, and the alternative prayer for sale by the trustee. I am not sure whether this should be classed as an ancillary petition on the equity side of the district court, in bankruptcy, or as a petition in the bankrupt proceeding. It is not sworn to as required by the bankruptcy act, and neither is the answer. Whatever it may be, it would seem that

the same rule should apply to it as would apply to ordinary suits at law and in equity with reference to the right of the plaintiff to dismiss. That rule, as stated in Fost. Fed. Prac. § 291, is as follows:

"The plaintiff may dismiss his bill without costs at any time before the defendant's appearance. * * * After appearance, and before decree or decretal order, a plaintiff can usually obtain a dismissal upon payment of the costs of such of the defendants as have appeared, but not if they, or any of them, would be injured thereby. Leave to dismiss may be refused where the defendant claims affirmative relief by cross bill, or by answer in a case where he is entitled to affirmative relief on an answer."

The same rule, I think, is stated by Judge Hammond in Stevens v. The Railroads (C. C.) 4 Fed. 97, in the conclusion of his opinion, commencing on page 109, as follows:

"The injury to the defendant must be of a character that deprives him of some substantive rights concerning his defenses not available in a second suit, or that may be endangered by the dismissal, and not the mere inconveniences of double litigation, which, in the eye of the law, would be compensated by costs."

Judge Hammond refers to a number of authorities with reference to the right to dismiss, and discusses them in his opinion, and cites a large number in a note.

Counsel for the petitioner urge that the district court is without jurisdiction to foreclose the mortgage. Without deciding this, it is sufficient to say that I am not satisfied that the trustee will be prejudiced, or his rights to defend against this mortgage in any way affected, by allowing the petitioner to dismiss so much of his proceeding as seeks to foreclose the mortgage. It is doubtful if the prayer is a prayer for foreclosure. The language would seem to indicate that it is a prayer for leave to foreclose, but as it has been considered in argument as a proceeding to foreclose, with the alternative prayer mentioned, it may be so regarded for present purposes.

The petitioner will be allowed to amend by striking so much of his petition as prays for foreclosure of his mortgage.